IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **CRIMINAL NO. 03-0227 -WS** |
| | ) | |
| **KIMBERLEY G. BOSARGE,** | ) | **CIVIL NO.  05-0440-WS-D** |
| | ) | |
| **Defendant.** | ) | |

## ORDER

On July 25, 2005, petitioner Kimberley G. Bosarge filed a Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (doc. 68), pursuant to 28 U.S.C. § 2255.

The Court's initial review of the Motion, as required by Rule 4(b) of the Rules Governing Section 2255 Proceedings, reveals that it is patently insufficient in its present form.  The Motion articulates a single ground for relief, to-wit: ineffective assistance of counsel at trial.  The sum total of the facts, allegations and arguments recited by petitioner to support her claim are that Bosarge's "lawyer didn't do her job" and "she did not try to help me in court.  She did not object to anything [and] did not call anyone to the stand on my behave [*sic*]."  (Motion, at 4.)

"Conclusory allegations of ineffective assistance are insufficient" to entitle a petitioner to relief under Section 2255.  *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992) (quoting *United States v. Lawson*, 947 F.2d 849, 853 (7th Cir. 1991)).  Rather, to establish ineffective assistance of counsel:

> "... a petitioner must show that counsel's performance was deficient and that he was prejudiced by that deficiency.  A petitioner must overcome a strong presumption of competence, and the court must give significant deference to the attorney's decisions."

*Hagins v. United States*, 267 F.3d 1202, 1204-05 (11th Cir. 2001) (internal citations omitted); *see*

*also Cross v. United States*, 893 F.2d 1287, 1290 (11th Cir. 1990).[1]  Deficient performance requires a showing that counsel's performance was "objectively unreasonable and falls below the wide range of competence demanded of attorneys in criminal cases."  *Cross*, 893 F.2d at 1290.[2]  Meanwhile, prejudice requires a showing of a "reasonable probability that the result of the proceedings would have been different had counsel not performed deficiently."  *Id.*[3]  The burdens of proving both the deficient performance and prejudice prongs of the ineffective assistance test are heavy, and they are petitioner's to bear.  *See Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

In light of this legal standard, Bosarge's conclusory allegation of ineffective assistance falls far short of establishing a colorable ground for relief under § 2255.  For that reason, petitioner is hereby **ordered**, on or before **August 29, 2005**, to file an amended § 2255 petition remedying these deficiencies with <u>specific</u> allegations sufficient to satisfy her burden of proof, as set forth above.  Failure to do so will result in dismissal of this Motion pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings on the ground that it plainly appears from the motion that the movant is not entitled to relief.

**DONE** and **ORDERED** this 27th day of July, 2005.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[1]  In such a claim, "[t]here is a strong presumption that counsel's performance was reasonable and adequate, with great deference shown to choices dictated by reasonable trial strategy."  *Caderno v. United States*, 256 F.3d 1213, 1217 (11th Cir. 2001).

[2]  Petitioner "must prove deficient performance by a preponderance of competent evidence, and the standard is reasonableness under prevailing professional norms."  *Gallo-Chamorro v. United States*, 233 F.3d 1298, 1303 (11th Cir. 2000).

[3]  A reasonable probability is defined as "a probability sufficient to undermine confidence in the outcome."  *Gallo-Chamorro*, 233 F.3d at 1303-04.  A petitioner must show that the errors "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."  *Cross*, 893 F.2d at 1292 (citation omitted).